IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Timothy W.G. Gipson, | : | Case No. 1:26-cv-00507 |
| | : | |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | |
| City of Cincinnati, Ohio, *et al.*, | : | Order Adopting Report and Recommendation |
| | : | |
| Defendants. | : | |

This matter is before the Court on the Magistrate Judge's Report and Recommendation issued on July 13, 2026, recommending this matter be dismissed and remanded to the state court. (Doc. 10.) Plaintiff filed an Objection on July 23, 2026 (Doc. 14) and an "Add-On" to his Objection on July 29, 2026. (Doc. 15.) For the reasons that follow, Plaintiff's objections will be overruled, and the Court will adopt the Report and Recommendation. (Doc. 10.)

Gipson is a plaintiff in a state court action in the Hamilton County Court of Common Pleas. *See Gipson v. City of Cincinnati*, Case No. A2600657 (filed Feb. 4, 2026). As the Report and Recommendation cites, 28 U.S.C. § 1441 governs the removal of civil actions and provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by *the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). Because Gipson is the *plaintiff* in his state court action, he may not remove his case from state to federal court as he attempted to do. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941).

Title 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure Rule 72(b)(1) authorize magistrate judges to make recommendations concerning dispositive motions that have been referred to them. Parties then have fourteen days to file and serve specific written objections to the report and recommendations. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party files objections to a report and recommendation on a dispositive matter, a district judge must review the objections under the *de novo* standard. *Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) (substantially similar). Further, "the filing of vague, general, or conclusory objections to a magistrate judge's report and recommendation does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

In his filings, Gipson fails to identify any specific part of the Report and Recommendation to which he objects. He continues to argue that he should be able to remove his action to state court without prejudicing the Court, an argument that is foreclosed by 28 U.S.C. § 1441 governing removals as well as *Shamrock*. 313 U.S. at 104 (a plaintiff may not remove his case from state to federal court).[1]

[1] Gipson also cites a number of extraneous legal rules and authorities that have no bearing on his case. (*See* Docs. 14, 15.)

The Court finds the Magistrate Jude correctly applied the applicable law. Plaintiff's objections are general and do not identify specific issues within the Report and Recommendation; as such, they are **OVERRULED.** The Court **ADOPTS** the Report and Recommendation (Doc. 10) and dismisses this action from the docket of this Court.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge